**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH – CENTRAL DIVISION**

| | |
|---|---|
| REV. EDWARD ALLAN BUCK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. 07-CV-774-SPF |
| | ) |
| JUDGE TED STEWART, JUDGE | ) |
| PAUL WARNER, JUDGE JOHN | ) |
| EDWARDS CONWAY, JUDGE | ) |
| DEANELL REECE TACHA, JUDGE | ) |
| TERRENCE L. O'BRIEN, JUDGE | ) |
| WILLIAM JUDSON HOLLOWAY, | ) |
| JR., JUDGE BOBBY R. BALDOCK, | ) |
| JUDGE TENA CAMPBELL, JUDGE | ) |
| BROOKE WELLS, JUDGE MICHAEL | ) |
| W. MCCONNELL, JUDGE JOHN | ) |
| CARBONE PORFILIO, JUDGE | ) |
| PAUL G. CASSELL, | ) |
| | ) |
| Defendants. | ) |

## ORDER

On October 11, 2007, plaintiff, appearing *pro se,* filed this action against various federal circuit, district and magistrate judges seeking monetary relief under 42 U.S.C. §§ 1983, 1985, 1986 and 1988(b). Plaintiff, in his complaint, alleges that defendants violated and conspired to violate his civil rights.[1] By order filed October 11, 2007, plaintiff was granted leave by a magistrate judge to proceed *in forma*

---

[1] Because plaintiff is proceeding *pro se*, the court recognizes that plaintiff is entitled to liberal construction of his pleadings. *See*, Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (requiring *pro se* complaint to be "liberally construed" and to be held to "less stringent standards than formal pleadings drafted by lawyers") (quotations omitted).

*pauperis*.² Section 1915 of Title 28 of the United States Code sets forth certain rules for proceedings *in forma pauperis*. Section 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A)  the allegation of poverty is untrue; or
> (B)  the action or appeal–
>   (i)   is frivolous or malicious;
>   (ii)  fails to state a claim on which relief may be granted; or
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

Upon careful review, the court finds that plaintiff's complaint is frivolous and seeks monetary relief against defendants who are immune from such relief. As plaintiff cannot amend his *pro se* complaint to overcome the infirmities in his complaint, the court also finds that plaintiff's action must be dismissed with prejudice.

As to individual defendants, Judge Ted Stewart, Judge John Edwards Conway, Judge Terrence L. O'Brien, Judge William J. Holloway, Jr., Judge Bobby R. Baldock, Judge Michael W. McConnell, Judge John C. Porfilio, and Judge Paul G. Cassell, the court finds that the doctrine of judicial immunity precludes recovery of damages against them. Whether plaintiff seeks recovery on the basis of a <u>Bivens</u> type of constitutional tort theory,³ *see*, <u>Bivens v. Six Unknown Named Agents of Federal</u>

---

² After the recusal of all of the District Judges in this district, plaintiff's action was reassigned to the undersigned for all further proceedings.

³ As previously stated, plaintiff seeks relief against the individual judicial defendant under 42 U.S.C. § 1983. Section 1983, however, applies to persons acting under color of state or territorial law. It does not authorize redress against federal officials who act under federal law. <u>Van Sickle v. Holloway</u>, 791 F.2d 1431, 1435 n.4 (10th Cir. 1986). *See also*, <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 398 n. 1 (1971) (Harlan, J., concurring). Consequently, the allegations against the federal judicial officials are considered under a <u>Bivens</u> theory.

2

Bureau of Narcotics, 403 U.S. 388 (1971), or under 42 U.S.C. §§ 1985 or 1986, these federal judges are absolutely immune from liability. Van Sickle v. Holloway, 791 F.2d 1431, 1435 (10th Cir. 1986).

It is "well-established that absolute immunity bars suits for money damages for acts made in the exercise of prosecutorial or judicial discretion." Andrews v. Heaton, 483 F.3d 1070, 1076 (10th Cir. 2007) (internal quotations omitted). There are only two exceptions to judicial immunity, (1) "actions not taken in the judge's judicial capacity" and (2) actions of a judicial nature "taken in complete absence of all jurisdiction." Mireles v. Waco, 502 U.S. 9, 11-12 (1991). Neither of the exceptions applies to plaintiff's allegations.

It is beyond question that the judges were acting in their judicial capacities when plaintiff's alleged injuries occurred. "[T]he factors determining whether an act by a judge is a "judicial" one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." Stump v. Sparkman, 435 U.S. 349, 362 (1978). Here, both factors apply. The judges' actions in adjudicating plaintiff's federal lawsuits and appeals were all functions normally performed by a judge. In addition, plaintiff dealt with all of the judges in their judicial capacities.[4]

---

[4] The pertinent lawsuits and appeals involving plaintiff, based upon the allegations of the complaint and the court's record, of which the court takes judicial notice, are as follows.

Buck v. U.S. Patent Office, et al., 03-CV-783-TS - Judge Stewart dismissed the claims against the private defendants for lack of personal jurisdiction and dismissed the claims against the governmental defendants for lack of subject matter jurisdiction. Plaintiff appealed. Judge Stewart's rulings were affirmed by a three-judge panel of the Tenth Circuit Court of Appeals, consisting of Terrence L. O'Brien, William J. Holloway and Bobby R. Baldock.

Buck v. Stewart, et al., 05-CV-455-JEC - Judge Conway dismissed the case with prejudice based upon judicial and prosecutorial immunity.

None of plaintiff's allegations indicate that the judges were acting in complete absence of jurisdiction. A judge acts in the clear absence of all jurisdiction when he or she "acts clearly without any colorable claim of jurisdiction." Snell v. Tunnell, 920 F.2d 673, 686 (10th Cir. 1990). It is beyond question that the judges had jurisdiction in adjudicating plaintiff's federal lawsuits and appeals. The judges clearly acted within their jurisdiction in issuing orders, opinions and reports and recommendations in regard to the lawsuits and appeals.

The alleged failure of certain judicial defendants to address the specific allegations of plaintiffs' lawsuits and to rule as to the merits of those lawsuits does not impair the judicial immunity. Nor does the alleged prejudice or bias to plaintiff in issuing decisions in regard to plaintiff's lawsuits and appeals abrogate the judicial immunity. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." Stump, 435 U.S. at 356. As there are no allegations in plaintiff's complaint to support any finding that

---

Buck v. Myers, et al., 05-CV-876-DB - Magistrate Judge Wells issued a report and recommendation recommending that the case be dismissed on multiple alternate grounds, including Younger abstention, Rooker-Feldman doctrine, judicial immunity and failure to state a claim. Judge Campbell adopted the report and recommendation and dismiss the case on the recommended grounds. Plaintiff appealed. A three-judge panel of the Tenth Circuit Court of Appeals consisting of Michael W. McConnell, John C. Porfilio and Bobby R. Baldock, affirmed the dismissal as to certain claims, vacated the dismissal as to the remaining defendants and remanded the case for further proceedings. The case is currently stayed pending plaintiff's state court action.

Buck v. Salt Lake Tribune, et al., 06-CV-113-PGC - Judge Cassell *sua sponte* dismissed the case under Rule 12(b)(6), Fed. R. Civ. P.

Buck v. Salt Lake Tribune, et al., 06-CV-135-JEC - Judge Conway dismissed case as barred by res judicata and failure to state a claim.

Buck v. Gonzales, et al., 06-CV-321-PGC - Judge Cassell *sua sponte* dismissed the case under 28 U.S.C. § 1915(d) as frivolous.

4

the actions taken by the judicial defendants were not taken in their judicial capacities or that the actions taken were in clear absence of all jurisdiction, the court concludes that the plaintiff's claims against the judicial defendants under Bivens, § 1985 and § 1986 are precluded by the doctrine of judicial immunity. Van Sickle, 791 F.2d at 1435.

The court also concludes that plaintiff's Bivens, § 1985 and § 1986 claims against the individual defendant, Judge Deanell Reece Tacha, are precluded by the doctrine of judicial immunity. It appears plaintiff's allegations against Judge Tacha arise from her handling of plaintiff's judicial misconduct complaint against Judge Stewart. When a circuit judge reviews and determines the allegations contained in a judicial misconduct complaint, the judge is performing a judicial function. Petition of Doe, 70 F.3d 56, 60 (8th Cir. 1995). And Judge Tacha, who at the relevant time was Chief Judge of the Tenth Circuit Court of Appeals, clearly had jurisdiction over the judicial misconduct complaint. *See*, 28 U.S.C. § 352. Therefore, as to her handling of plaintiff's complaint, Judge Tacha is cloaked with the same judicial immunity. Petition of Doe, 70 F.3d at 60; Smith v. Leach, 2007 WL 2405686 *1 (D. Ariz. Aug. 15, 2007). The court thus concludes that judicial immunity precludes plaintiff's recovery of damages against Judge Tacha under Bivens, § 1985 and § 1986.

The remaining individual defendant is Judge Paul Warner. Although Judge Warner is currently a Magistrate Judge, at all times relevant to plaintiff's complaint, Judge Warner was the United States Attorney for the district of Utah. Judge Warner is also immune from liability from Bivens, § 1985 and § 1986 actions. Plaintiff's allegations against Judge Warner relate to his decision not to prosecute certain individuals for antitrust violations. However, a prosecutor may not be held liable for a decision not to institute proceedings. *See*, Meade v. Grubbs, 841 F.2d 1512, 1532-

33 (10th Cir. 1988) (official entitled to absolute immunity for alleged failure to institute civil or criminal complaint against state officials for civil rights violations); Dohaish v. Tooley, 670 F.2d 934, 938 (10th Cir. 1982). The court therefore concludes that plaintiff's claims under Bivens, § 1985 and § 1986 are barred by prosecutorial immunity.[5]

To the extent plaintiff asserts common law tort claims against the individual judicial defendants, the court concludes that plaintiff's claims must be dismissed. The judicial defendants are absolutely immune from common law tort actions. Woodruff v. Covington, 389 F.3d 1117, 1123 n. 6, 1126 (10th Cir. 2004). A Federal Tort Claims Act action against the United States is the sole remedy for any injury to person or property cased by the alleged negligent or wrongful acts of a federal employee acting within the scope of his or her employment. 28 U.S.C. § 2679(b)(1). *Id*.

It is not absolutely clear from the complaint as to whether plaintiff has sued the judicial defendants in their official capacities. A federal governmental official sued in his official capacity is a suit against the United States. Kentucky v. Graham, 473 U.S. 159, 166 (1985). To the extent plaintiff is alleging claims against the judicial defendants in their official capacities under Bivens, § 1985, and § 1986, the court finds that the United States is immune from suit as sovereign. United States v.

---

[5] It also appears that the claims against Judge Warner for failure to prosecute alleged antitrust violations as well as the claims against Judge Stewart and Judge Tacha for failure to require Judge Warner to prosecute the alleged antitrust violations are also barred by res judicata. These claims were dismissed with prejudice by Judge Conway in Buck v. Stewart, 05-CV-455-JEC on the basis of immunity. It is well established that a court may raise the issue of preclusion on its own motion, in appropriate cases. *See*, Arizona v. California, 530 U.S. 392, 412 (2000) (allowing that res judicata might be raised *sua sponte* in "special circumstances"); (Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 230 (1995) (noting "that trial courts may in appropriate cases raise the res judicata bar on their own motion" ). In the instant case, the same claims involving allegations of failure to prosecute antitrust violations have been heard and addressed by Judge Conway and dismissed with prejudice. The claims therefore are also barred by res judicata.

Mitchell, 445 U.S. 535, 538 (1980); *see also*, Pleasant v. Lovell, 876 F.2d 787, 793 (10th Cir. 1989) ("A suit for damages against a federal agent in his official capacity would be barred by sovereign immunity, unless the government has waived sovereign immunity.")  The United States has not waived its sovereign immunity for constitutional torts, *see*, Bivens v. Six Unknown Named Agents, 403 U.S. 388, 410 (1971), *see also*, Hatten v. White, 275 F.3d 1208, 1210 (10th Cir. 2002) (A Bivens action may not be brought against federal agencies or agents acting in their official capacities.) (citing Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 483-86 (1994)). The United States also has not consented to be sued under the civil rights statutes, including § 1985 and § 1986.  Unimex, Inc. v. U.S. Dept. of Housing & Urban Development, 594 F.2d 1060, 1061 (5th Cir. 1979); United States v. Timmons, 672 F.2d 1373, 1380 (11th Cir. 1982); Hohri v. U.S., 782 F.2d 227, 245 n. 43 (D.C. Cir. 1986).  Plaintiff's claims against the judicial defendants in their official capacities under Bivens, § 1985 and § 1986, to the extent they have been alleged, are thus barred by the doctrine of sovereign immunity.

To the extent plaintiff is alleging any claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671, *et seq.*, against the United States for negligent or wrongful acts of the judicial defendants, the court concludes that the claims are also subject to dismissal.  Section 2674 of Title 28 of the United States Code provides:

> With respect to any claim under this chapter, the United States shall be entitled to assert any defense based upon judicial or legislative immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim, as well as any other defenses to which the United States is entitled.

Thus, under § 2674, the United States possesses judicial immunity as to plaintiff's claims under FTCA because the judicial defendants whose alleged acts form the basis for the claims have judicial immunity.

To the extent plaintiff is alleging any FTCA claim against the United States as to defendant, Judge Paul Warner, in regard to his conduct as U.S. Attorney, the court finds that such claim is likewise subject to dismissal. *See*, Doe v. United States, 829 F. Supp. 59, 60-61 (S.D.N.Y. 1993) (holding that the United States may raise the defense of prosecutorial immunity in an FTCA action).[6]

An *in forma pauperis* suit is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A court may consider an affirmative defense *sua sponte* "when the defense is 'obvious from the face of the complaint' and '[n]o further factual record [is] required to be developed.'" Fratus v. Deland, 49 F.3d 673, 674-75 (10th Cir. 1995) (quoting Yellen v. Cooper, 828 F.2d 1471, 1476 (10th Cir. 1987)). The defenses of judicial and prosecutorial immunity are obvious from plaintiff's complaint and do not require further development. The court concludes that plaintiff's claims against the individual judicial defendants seeking relief based upon constitutional, statutory and common law violations and plaintiff's claims against the United States based upon the FTCA lack any arguable basis in law. The court therefore concludes that plaintiff's claims are frivolous.

Sovereign immunity can also be raised *sua sponte*. Clymore v. U.S., 415 F.3d 1113, 1118 n. 6 (10th Cir. 2005). The existence of sovereign immunity is also obvious

---

[6] The court additionally notes "[a]s a jurisdictional prerequisite, the FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *See*, 28 U.S.C. § 2675(a); McNeil v. United States, 508 U.S. 106, 113 (1993) (holding "FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies"). There is no indication that plaintiff has exhausted his administrative remedies in regard to the FTCA claims.

from plaintiff's complaint. The court finds that plaintiff's claims against the United States seeking relief based upon constitutional and statutory violations lack an arguable basis in law. Thus, the court concludes that plaintiff's claims are frivolous.

In his complaint, plaintiff also seeks relief under 42 U.S.C. § 1988(b), which provides for the recovery of attorney's fees in certain cases. Initially, the court notes that § 1988 does not provide for attorney's fees in Bivens actions. Hall v. U.S., 773 F.2d 703 (6th Cir. 1985). Although § 1988 provides for attorney's fees in § 1985 and § 1986 actions, the court has previously held that such claims are subject to dismissal. Moreover, § 1988 does not support plaintiff's argument as to waiver of judicial immunity because the statute allows recovery of attorney's fees only as a component of the recoverable costs in an action against a judicial officer for an act or omission taken in such officer's judicial capacity if "such action was clearly in excess of such officer's jurisdiction." Here, it is clear that the judicial defendants were not acting in excess of their jurisdiction. The court therefore concludes that plaintiff's claim under § 1988(b) is frivolous.

Plaintiff finally alleges that the judicial defendants violated various criminal statutes. The court concludes that any claims based upon these criminal statutes are subject to dismissal. None of the cited statutes provide a private right of action. These statutes are not enforceable by way of civil actions. *See*, Andrews, 483 F.3d at 1076. The court therefore concludes that plaintiff's claims based upon criminal statutes have no basis in law and are frivolous.

In sum, the court finds that plaintiff's complaint is frivolous and seeks monetary relief against defendants who are immune from such liability. Consequently, plaintiff's complaint is subject to dismissal under 28 U.S.C. 1915(e)(2)(B)(i) and (iii). Because plaintiff cannot amend his *pro se* complaint to overcome the infirmities in his

9

complaint, the court also finds that the dismissal of plaintiff's action must be with prejudice.

Accordingly, plaintiff's above-entitled action is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

DATED March 31, 2008.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-0774p001.wpd